The Court

were of opinion, that the Jury might premia e a patent, if the possession has been held under the certificate of survey.
It was proved in this cause, that the plaintiff and defendants had title to the lands in dispute, as tenants in common. That as to the lands for which the defendants took defence upon the plats returned in the cause, pari* of them had been held by actual enclosure and exclusive occupation, for more than forty years, and an exclusive cutting of timber in the other part not enclosed, during all the time aforesaid. The defendants denied the right of the plaintiff antecedent to the bringing of the action ; but it was proved, that those under whom they claimed, admitted the plaintiff’s right to an' undivided moiety, within twenty years before the suit was brought, and whilst they held the possession now set up by the defendants. (See further facts in Mr. Cooke’s argument.
The defendants’ counsel prayed the direction of the Court to the jury, that if they are of opinion there was an ouster of the plaintiff, and an adverse possession held by the defendants, of the lands in the declaration mentioned, or of any part thereof at. the time of bringing this action, then, as to such parts, they must find a verdict for the defendants.
Cooke, for the defendants. Partition is a possessory action, and will not lie unless the party is seised. The declaration states that the parties are seised in common of undivided moieties, which is denied by the plea, and makes the very point in issue. It is incumbent on the plaintiff to show a seisin and possession in the part *256 claimed by the.defendants. Fitz. N. B. 142. note. 2 Bl. J Comm. 191.
If one parcener disseise another, there can be no pardtion during the disseisin, but the party ousted must first bring his ejectment to recover possession. Co. Litt. 167. a. Dyer, . 79. b. If parceners convey, the purchasers are tenants in common; Co. Litt. 167. b. 175. a. and the privity is destroyed between them. But this does not alter the case, in any manner, in favour of the plaintiff, for if one tenant in common ousts his companion, he may bring an ejectment. Litt. s. 322, 323. And it is determined, that the confession of lease, entry and ouster is sufficient, without proof of an actual ouster. 3 Burr. 1895. Co. Litt. 200. b.
The plaintiff has shown no seisin in common with the defendants, of the lands they claim, and if he was hot seised in common at the time of the issuing of the writ, he is not entitled to partition. Tenants in common being equally entitled to undivided parts of the whole, the entry of one in the whole, who has a right to part in the whole, will not amount to a disseisin of his companion. As against strangers, the seisin of one is the seisin of all. But if one tenant in common enters into the whole generally, and makes a feoffment, it is a disseisin, because he thereby denies the right of the other. Yin. Partition, 175. So if he enters and ousts his companion, it is a disseisin. 1 Bl. 675. Because, in those cases, his companion might bring an ejectment at common law, and recover his ^undivided portion. Litt. s. 322. But it was held' at common law, that the bare entry and receipts of the rents and profits by one tenant in common, was no disseisin of the other, without an actual ouster, or some act of notoriety, denying all right in others. The reason was, because, at common law, no action lay between tenants in common for the recovery of profits received by one tenant in common, anti *257 therefore it might he prejudicial, and productive of inconvenience to drive the. party in such case to his ejectment. But since the statute of Anne, giving an action in such case, an acquiescence under that assumption of a sole right, has been held to he an'admission that the party claimed the sole right, and to amount to an ouster. Ld. Raym. 310. In the case of afine and non-claim it will bar the other unless he brings his action. 2 Atk. 632.
These cases plainly show the Courts require the parties to assert their rights, either by an action under the statute, for the profits, or they must admit a disseisin, in which case the statute of limitations would operate. 3 Bac. Abr. 219. Hardw. & Lee, 174. Apply these cases to the facts before the Court. Here has been a sole, separate and exclusive possession of the defendants, and those under whom they claim, for more than forty years.
It is said that Richard Gibson, through whom the defendants claim title, obtained this possession under an agreement or bond entered into with the plaintiff. The tenor of that agreement or bond shows it was to be carried into execution within a year after it was made, otherwise to become forfeited, and the party had his remedy at law. The bond is dated 27th January, 174G, penalty 500/. and recites, that the said “ Uoyd is now lawfully possessed of Timber Neck and Betty's Dowry, the right of one undivided moiety of which is in the said Richard Gibson; and whereas the said Edward and Richard, cannot immediately come to partition of those lands ; and whereas the said Edward has agreed to permit the said Richard to take possession of that tract called Betty's Dozvry, in order that he may make a crop : Sow the condition, &c. is, that the said Richard will, as soon as conveniently may be, proceed in a fair partition, &c. no advantage to be taken by the said Richard, of the said Lloyd, for giving him possession,5' Sir.
After such length of time the Conn- may presume *258 that this bond has been satisfied; or that the agreement and partition mentioned in the coxidition has been made and actually executed between the parties. Cowp. 214. Though Gibson came into possession undei- an agreement, yet if he held beyoxxd the term, it was such an ouster ao would set the act of limitations running. Cowp. 218. His subsequent conduct shows that he did not conceive, or acknowledge Lloyd to have any right to the part in his possession, but that he actually claimed to hold it as his own ; for in 1764 he obtained a proclamation warrant to take the whole, which plainly shows he denied the title of Lloyd to any part of Betty’s Dowry, much less to that part in his possession. He died seised, in the actual exclusive possession of the part the defendants claim, and if a disseisin ixi his life-time had taken place, the descent cast on his heir will bar the entry of the plaintiff. All the persons holding under Gibson, denying any right in Lloyd, forcibly and exclusively withholding the .possession, and exercising all the rights of ownership, must create a disseisin, or nothing on earth can. 2 Bl. Comm. 191.
Twenty years’ adverse possession is a positive title to the defendants. It is not a bar to the action, or rexnedy of the plaintiff only, but takes away his right of possession. 1 Burr. 119. If Lloyd was not seised of the land claimed by the defendants at the time of suing out this writ of partition ; or if the Jury should find that the defendaxxts, and those under whom, they claixn, have held adverse possessioxx of it for twenty years, the plaintiff cannot recover.
If parcenei-s be disseised, they must bring separate actions, but whexi they recover they are parceners again. Co. Lift. 164. a. It is the same of tenants in common. 3 Bac. Abr. 216. Tenants in common are within the statutes of forcible entries. 3 Bac. Abr. 219. Hardw. & Lee, 174, The bond and agreement between Gibson and Lloyd must be executed in convenient time. Co. Litt. 208.
*259 The sheriff :may assign the whole of one tract to one, and the whole of another tract to another. Vin. Partition, 219. If one party by his neglect prevents, or is the cause that a condition is not performed,, it is equal to a performance by the other. Durnf. 638. Co. Litt. 206. 209. a.
It is alleged that the Court will not permit a defendant who is the lessee of, or who claims under, the plaintiff, to defend against his landlord on his supposed defect of title. 2 B. 1259. Cowp. 46.
Answer. The, defendants do not claim under the plaintiff in this case, but deny his title.
.Where one entered into an agreement to lease for twenty-one years, . and eighteen years .afterwards he brought an ejectment, the court would not permit him to recover against his own agreement. , Cozvp. 473.
Answer. The bond in this case can. amount only to an agreement for one year. At most, Gibson was tenant at will, and determined it immediately after. It continued during the life, of the parties; it must then have de - termined by their death. If a bond is sued in a Court of common law, the act of limitations would bar; if sued in equity, satisfaction would be presumed. In the case, in Cowper, the time had not expired, and an ejectment being an action peculiarly under the power and control of the Court, the plaintiff was not permitted to recover contrary to his own agreement.
The plaintiff in ejectment shall not be permitted to •recotr against his covenant for enjoyment. Cozvp. 600. 4 Burr. 2209.
Answer. That case is of an ejectment, which is peculiarly under the control of the Court, If it be considered tbatduringi.be continuance of the term for which the covenant .bound,, the action was brought, the Coprt did right not to. .permit the plaintiff to recover. In this *260 case, the bond was to be carried into effect within the , year. If it could continue to have operation to this time, it might continue for evert for there would be no rule to restrain.it to any time, and the statute of limitations might be wholly evaded. A convenient time must be within the life of the parties. Co. Litt. 208.
ílarrison, Ch. J.
delivered the following opinion of the Court.
i. That no possession of one tenant in common can bar a writ of partition of the other, unless it be an adverse possession, continued such a length of time as Would take away the right of entry of the other, to. wit, by an adverse possession of twenty years ; or where there has been an actual dispossession, and a subsequent possession by the disseisor for five years, and his dying so possessed, and a descent to his heir.
2. That, although one tenant in common may have been in the sole possession of the land and perception of the profits for more than twenty years, this does not take away the other’s right of entry unless he was actually put out, or his title to hold in common uniformly denied. '
3. That, so long as one tenant is possessed of any part of the land, he shall be considered in possession of the whole, unless there was a separation of part by actual enclosures by the other, who, also, uniformly denied the title of the other to hold in common.
4. That from no length of possession should a partition be presumed, unless the possession was exclusive and adverse, and the title of the other to hold in common uniformly denied by him.
5. That if the plaintiff in a writ of partition show a title to hold in common, and a right of entry, he shall succeed against the defendant holding or claiming likewise as tenant in common, • -.